IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

|  |  |  |
|---|---|---|
|  | § | Case: **10-10120** |
|  | § |  |
| IN RE: GOLDEN WAYNE MOSS, JR.   XXX-XX-9645 | § | Chapter 13 |
| TERESA KAY MOSS   XXX-XX-4414 | § |  |
| 235 LISTON RD | § |  |
| VIDOR, TX 77662 | § |  |

## TRUSTEE'S CONFIRMATION REPORT, WITNESS & EXHIBIT LIST

Attorney for Debtor(s): ALLEN T GREGORY
Chapter 13 Trustee: JOHN J. TALTON

☐ The Debtor(s) have reported "Current Monthly Income" that indicates they are "Over Median Income Debtor(s)"

### I. Budget Information

| A. Monthly Income (Schedule I) | $2,449.00 |
|---|---|
| Expenses (Schedule J) | $2,174.00 |
| Difference (Net Income) | $275.00 |

### II. Meeting of Creditors

| | |
|---:|---|
| Petition filed on: | 3/1/2010 |
| First meeting of creditors scheduled on: | 4/26/2010 |
| Reset date if known or applicable: | |
| Start Payment Date: | 3/31/2010 |
| First meeting of creditors concluded on: | 4/26/2010  Presiding Officer: Kelly |
| Confirmation hearing date: (may be continued without notice) | 6/9/2010 |

**Document Revisions Required at This Time, If Any, Are Described Below:**

| | |
|---:|---|
| Plan: | tax language included ($1,008) |
| Budget: | |
| Schedules: | |
| Statements: | |
| Exemptions: | |
| Other: | |

**Verification/Information for Trustee**

| Yes | No | N/A | | |
|---|---|---|---|---|
| | | | WWO Info: | |
| X | | | Proof of Insurance: | rec'd auto |
| | | | Proof of Charitable Contributions: | |
| | | | Profit & Loss Statements: | |
| | | | Other Budget/Income Deduction Verification: | |
| X | | | Tax Returns: | rec'd non-filing affidavit for 08 & 09 |
| X | | | Proof of Value as Real Property: | rec'd |
| X | | | Paystubs/Social Security/Retirement: | rec'd |
| X | | | Bank Statements: | rec'd |
| X | | | Debtor Present? | |
| X | | | Co-Debtor Present? | |
| X | | | Attorney Present? | |
| X | | | Creditors Present? | RE Porter w/ IRS; David Richards creditor |
| | | | Other | |

Objections by Third Party: _____   Prior Dismissals: _____

**All documents requested by the Trustee should be tendered to docs@ch13tyler.com and the subject line of said email should contain Debtor(s) name, case number and date of next hearing. A proposed confirmation order is due one week prior to the confirmation hearing pursuant to LBR 3015**

The Trustee requires said amendments, documents, information and/or verification to be provided, received or filed by the earlier of 7 days prior to the scheduled confirmation hearing or within 14 days of the First Meeting of Creditors.

**III. Summary of Plan** Interested parties must review the specific terms of Debtor(s) proposed plan as the Debtor(s) plan as confirmed by the Court shall control distributions.

- A. Monthly Payment: $275.00
- B. Duration in Months: 42
- C. Proposed minimum plan base: $11,550.00
- D. Maximum Administration Allowance: $1,155.00
- E. Estimated Net Available to Creditors: $10,395.00
- F. The proposed plan dated: 3/12/2010 is the Original plan filed which provides for the treatment of Specified Claims summarized as follows: (interested parties must review the debtor(s) plan for all terms and conditions as may be set forth therein)

## Schedule I

**Debtor's Attorney Expenses**

Claims specified in proposed plan to be paid after confirmation from funds as they are or become available.

| Creditor | Proposed Classification | Proposed Principal | Int. Rate | *Monthly Payment | Estimated Total |
|---|---|---|---|---|---|
| ALLEN T GREGORY (first funds) | Legal | $2,500.00 | | | $2,500.00 |

## Schedule II

**Unsecured Priority Claims**

To the extent the claims as set forth herein are indicated as "Unsecured Priority Domestic Support Obligation" claims; said claims, if any, shall be paid in full, without interest unless otherwise stated, concurrently with secured claims in monthly payments as indicated herein to the extent funds are available on a monthly basis. To the extent any claims as set forth herein are indicated as "Other Unsecured Priority Claims"; said claim(s), if any, shall be paid in full without interest unless otherwise stated after said Unsecured Priority Domestic Support Obligation and Secured claims are paid in full in monthly payments as indicated herein to the extent funds are available on a monthly basis.

**Unsecured Priority Domestic Support Obligation Claims**

| Creditor | Proposed Classification | Scheduled Principal | APR | *Monthly Payment | Estimated Total |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**Other Unsecured Priority Claims**

| | | | | | |
|---|---|---|---|---|---|
| IRS 4/02 2001 1040 TAXES | Priority | $0.00 | 0.00% | $0.00 | $0.00 |
| | | | | | |

## Schedule III

**Full Pay Secured Claims (No Cram Down)**

The following claims shall be paid in full in the amount set forth below with interest, if such is specified, at the monthly payment as set forth below, after adequate protection payments, if such exist, to the extent funds are available on a monthly basis concurrently with other secured claims and Unsecured Priority Domestic Support Obligation claims:

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

## Schedule IV
**Cram Down Claims**

To the extent set forth herein, claims are classified as "Secured", those claims shall be paid in the amount set forth below with interest, if such is specified, at the monthly payment as set forth below, after adequate protection payments if such exist, to the extent funds are available on a monthly basis concurrently with other Unsecured Priority Domestic Support Obligation claims. To the extent said claims exceed the value of the collateral securing said claims; such claims shall be paid concurrently with other "General Unsecured Claims"

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Schedule V
**Secured Arrears Claims**

The following claims shall be paid as set forth below as arrearages on Secured claims to the extent funds are available on a monthly basis concurrently with other Unsecured Priority Domestic Support Obligation claims. The ongoing payments on said claim shall be paid direct by the debtor wherein the debtor shall act as the disbursing agent.

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| UNIVERSAL MORTAGE CORPORATION 6/07 MORTGAGE ARREARS - 98 MOBILE HOME/4.52 ACRES 235 LISTON RD VIDOR TX | Arrears | $5,859.00 | 7.50% | $212.48 | $6,450.66 |
|  |  |  |  | **Total:** | **$8,950.66** |

## Schedule VI
**Direct Pay Claims**

The following claims shall be paid as set forth below as the Trustee has determined said claim to represent claims which shall not be paid by the Trustee but rather, shall be paid direct by the debtor wherein the debtor shall act as the disbursing agent.

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| UNIVERSAL MORTAGE CORPORATION 6/07 MORTGAGE - 98 MOBILE HOME/4.52 ACRES 235 LISTON RD VIDOR TX | Debtor Disbursing Agent |  |  |  |  |

## Schedule VII
**Void Lien Claims**

The following claims shall be paid concurrently with "General Unsecured Claims"

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Schedule VIII
**Executory Contract And Unexpired Lease**

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Schedule IX
**Surrendered Claims**

The following claims will not be paid by the Trustee unless an Amended Deficiency Claim is timely filed. To the extent that such a deficiency claim is filed it shall be paid concurrently with other "General Unsecured Claims"

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

*Trustee assumes that claims are to be paid pro-rata over the full term of the plan if monthly payment is not specified in the plan.

Proposed total paid to Specified Claims                $8,950.66

|   |   |   |
|---|---|---|
| G. Total amount required to be paid to unsecured creditors per Debtor(s) 22C (Means Test Form) 11U.S.C. 1325(b)(2) (Line 59) (Line 59x60) | $0.00 | $0.00 |
| H. Projected Amount Available to Unsecured Claims | $1,444.34 | |
| I. Total Unsecured Claims (less priority) scheduled | $78,266.00 | |
| J. Projected Dividend to Unsecured Creditors | 1.85% | |

☐ **IV. The Trustee Certifies that this is a case involving a debtor engaged in business**
☐ **V. The Trustee objects to confirmation on the following grounds:**

☒ **The plan should be confirmed, subject to plan payments being current at the time of the Scheduled Confirmation Hearing.**

☐ **The Trustee objects to confirmation on the following grounds:**

☐ 1. The Debtor has failed to file a plan pursuant to LBR 3015(a) or provide sufficient notice of said plan LBR 3015(f) in order to be considered for upcoming confirmation hearing.

☐ 2. Debtor has failed to provide the following:

☐ Copies of all payment advices or other evidence of payment received by the debtor in the 60 days prior to filing of the petition, LBR 1007(e)

☐ Copy of the Federal Income Tax Return required under applicable law for the most recent tax year ending immediately before the commencement of the case for which a federal income tax return was filed pursuant to 11 U.S.C.521(e)(2)(A)(i)

☐ 3. Trustee has requested amendments, documents, information, and/or verification as outlined in paragraph II, Meeting of Creditors, as set forth on page 1 hereof. To the extent said amendments, documents, information and/or verifications have not been timely provided, the Trustee alleges that the filing of the petition and the proposed plan for reorganization lack good faith pursuant to 11 USC 1325 and/or constitutes a breach by the Debtor(s)' duties as set forth in 11 USC 521.

☐ 4. The Trustee has not been able to conduct and/or conclude a Meeting of Creditors 11 U.S.C. 341 due to:
☐ Debtor(s)' failure to appear.
☐ Debtor(s)' attorney's failure to appear.
☐ Failure to provide requested documents to the Trustee with sufficient time to review prior to scheduled meeting.

**In such cases, the Trustee reserves the right to amend this report once the First Meeting of Creditors is concluded.**

☐ 5. The Debtor(s) have insufficient disposable income to fund the proposed plan for the following reason(s):
☐ Per budget.
☐ Unemployment income and/or other income as listed on Schedule I will or has ended.
☐ Failed to make post petition mortgage payments and/or other direct payments as set forth in the plan by the time of the 341 meeting or at such other time prior to confirmation that comes to the Trustee's attention.
☐ Lump sum payment is speculative.
☐ Other:

☐ 6. Debtor(s) have failed to dedicate all of their projected disposable income to be received in the applicable commitment period for the following reason(s):
☐ Per budget.
☐ Term of plan is less than the Applicable Commitment Period and such fails to provide for payment in full of all of the unsecured creditors, including interest.
☐ Failed to dedicate tax refunds to be added to the plan base during the Applicable Commitment Period.
☐ Failed to dedicate income from new job and/or other sources that are not otherwise disclosed.

☐     Providing for the payment of the following items that are not otherwise necessary for the effective reorganization of the Debtor(s):
☐     Excessive expenses.
☐     Other:

☐     7. Debtor(s) have failed to file and/or accurately complete Form 22C (Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income) as referred to in #3 above.

☐     8. Proposed Plan fails to provide for the payment of the minimum dividend to the unsecured creditors pursuant to Form 22C (Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income).

☐     9. Debtor(s) have failed to make monthly Chapter 13 plan payments or has a poor history of making monthly plan payments pursuant to 11 USC 1326(a)(1) and/or has failed to dedicate all disposable income by Debtor(s)' failure to make Chapter 13 plan payments during the initial months of the plan.

☐     10. The proposed plan appears to be underfunded.

☐     11. Proposed plan prefers specific unsecured claims which violates 11 USC 1322(a)(3) and 1322(b)(1) by discriminating against other unsecured creditors.

☐     12. Proposed plan does not meet the Chapter 7 to Chapter 13 Comparison Test as set forth in 1325(a)(4) as follows:
☐     Plan fails to provide a dividend to the unsecured creditors in a sufficient amount to equal Debtor(s)' equity interest in non-exempt real and/or personal property.
☐     Plan fails to dedicate and add to the plan base for the benefit of the unsecured creditors any non-exempt recovery from outstanding lawsuit(s) and/or claim(s).

☐     13. Attorney's fees require court approval in that the requested amount exceeds that amount as set forth in LBR 2016(h).

☐     14. Debtor(s) have failed to file monthly operating reports as required by LBR 2015(a).

☐     15. Debtor(s)' filing of the petition was not in good faith pursuant to 11 USC 1325(a)(7) and/or plan has not been proposed in good faith or by any means forbidden by law pursuant to 11 USC 1325(a)(3).

☐     16. Other:


**VI. The Trustee reserves the right to call as a witness any or all of the following listed persons in relation to confirmation.**

1. John J. Talton, Chapter 13 Trustee
2. Lloyd T. Kraus, Staff Attorney
3. The presiding officer at the first meeting of creditors
3. Debtor(s)
4. Any witness designated by other party.

**VII. The Trustee reserves the right to introduce into evidence any or all of the following:**
   A. Copy of the Trustee's Confirmation Report, Witness & Exhibit List
   B. Copies of any schedules or pleadings as filed herein by the debtor(s) or any other party
   C. Copies of any proof of claim as filed herein by any creditor or other party.
   D. Copies of any Chapter 13 plan and amendments thereof filed herein by the debtor(s)
   E. Copy of the latest computer printout from the Trustee's office representing the Chapter 13 plan payments received by the Trustee from the debtor(s)
   F. If debtor(s) are self employed, the debtor(s)' monthly operating reports or profit and loss

statements provided to the Trustee
    G. Copies of the debtor(s)' prior years tax returns as provided to the Trustee
    H. Copy of Required Amendment Sheet from 341 Creditors Meeting
    I. Copy of any other document produced by the Debtors at the 341 Creditors Meeting (or as requested at the 341 Creditors Meeting and subsequently produced).
    J. Copies of any schedules, pleadings, plan, proof of claim(s) or amendments thereto filed in any case where debtor(s) has filed a prior petition for relief under Title 11 of the United States Code.
    K. Copies of any other exhibits designated by any other party.

Copies of these Exhibits will be provided by the Trustee upon request by any party.

        Respectfully submitted,

        John J. Talton, CHAPTER 13 TRUSTEE

        /S/John J. Talton
        John J. Talton, SBN 19629700
        Lloyd T. Kraus, SBN 24066773
        110 N. College Ave. 12th Floor
        Tyler, TX 75702
        (903) 593-7777, Fax (903) 597-1313

### CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the above and foregoing Trustee's Confirmation Report, Witness & Exhibit List has been served upon the following parties in interest by electronic notification and/or mailing a copy of the same to them via first class mail on 7/30/10.

IN RE:  GOLDEN WAYNE MOSS, JR.
       TERESA KAY MOSS
       235 LISTON RD
       VIDOR, TX 77662

       ALLEN T GREGORY
       P O BOX 160
       NEDERLAND, TX 77627-

                            /S/John J. Talton
                            John J. Talton, Trustee